Dear Mr. Maygarden:
Your request for clarification of Attorney General's Opinion 07-0303 has been assigned to me for research and reply. Your request pertains to the qualification and procedure requirements for the Special Assessment Level (SAL). Specifically, you asked the following:
 (1)What is the latest calendar date on which a person can become 65 years of age to apply for the SAL to be applied for the 2008 real property tax assessment?
 (2) Hypothetical situation: A property owner applies to have the 2007 assessment frozen and the 2008 assessment adjusted to reflect the SAL. The property owner was born on December 31, 1942 and qualified by income but did not apply for the SAL until December 31, 2007, i.e., after the closure of the 2008 rolls. By our interpretation of the Opinion, the property owner is qualified to have the 2007 assessment frozen and applied to the 2008 tax year, that is, the following tax year. Is this correct?
 (3) Hypothetical situation: A property owner applies to have the 2007 assessment frozen and the 2008 assessment adjusted to reflect the SAL. The property owner was born on December 31, 1942 and qualified by income but did not apply for the SAL until January 1, 2008. By our interpretation of the Opinion, the property owner is not qualified to have the 2007 assessment frozen and applied to the 2008 tax year, but is qualified to have the 2008 assessment frozen for 2009, that is, the following tax year. Is this correct? If this property owner is qualified to have the 2008 assessment frozen for 2009, would the property owner need to document his or her 2007 income in this case?
Again, before addressing your question, we must advise that the determination of whether property is subject to the homestead exemption and the SAL is a factual *Page 2 
determination which is the responsibility of the various tax assessors, subject to review by the Louisiana Tax Commission and, ultimately, the courts. Article VII, Section 18 of the Louisiana Constitution of 1974 and La.R.S. 47:1712. In accord are Attorney General Opinion Nos. 00-321 and 01-315.
La.Const. art. VII, Sec. 18(G)(1) sets forth the requirements for the SAL and provides in part:
 (G)(1) Special Assessment Level.
 (a)(i) The assessment of residential property receiving the homestead exemption which is owned and occupied by any of the following and who meet all of the other requirements of this Section shall not be increased above the total assessment of that property for the first year that the owner qualifies for and receives the special assessment level, provided that such person or persons remain qualified for and receive the special assessment level:
 (aa) People who are sixty-five years of age or older.
 * * * * (ii) Any person or persons shall be prohibited from receiving the special assessment as provided in this Section if such person's or persons' adjusted gross income, as reported in the federal tax return for the year prior to the application for the special assessment, exceeds fifty thousand dollars. For persons applying for the special assessment whose filing status is married filing separately, the adjusted gross income for purposes of this Section shall be determined by combining the adjusted gross income on both federal tax returns. Beginning for the tax year 2001, and for each tax year thereafter, the fifty thousand dollar limit shall be adjusted annually by the Consumer Price Index as reported by the United States Government.
 (iii) An eligible owner or the owner's spouse or other legally qualified representative shall apply for the special assessment level by filing a signed application establishing that the owner qualifies for the special assessment level with the assessor of the parish or, in the parish of Orleans, the assessor of the district where the property is located.
 (iv) An owner who is below the age of sixty-five and who has applied for and received the special assessment level may qualify for and receive the *Page 3 
special assessment level in the subsequent year by certifying to the assessor of the parish, or in the parish of Orleans, the assessor of the district where the property is located, that such person or persons' adjusted gross income in the prior tax year satisfied the income requirement of this Section. The provisions of this Subsubparagraph (a)(iv) shall not apply to an owner who has qualified for and received the special assessment level for persons sixty-five years of age or older or to such owner's surviving spouse as described in Subsubparagraph (a)(i) of this Subparagraph.
Additionally, La.R.S. 47:1712 provides the procedure for applying for the SAL:
 Any person who qualifies for the special assessment level set forth in Article VII, Section 18(G) of the Constitution of Louisiana shall apply for the special assessment by completing an application form certifying his qualifications for the special assessment. Such application may be submitted in person or by first class mail. The application form shall be designed by the tax commission and shall be provided to every assessor in this state. The assessor shall not keep a copy of the applicant's federal or state income tax return or picture identification of the applicant for his records.
The answer to your first question is that the last date on which a person can become 65 years of age and thus potentially qualify under La.Const. art. VII, Sec. 18(G)(1)(i)(a)(i) of the Louisiana Constitution of 1974 to have the SAL be applied for the 2008 real property tax assessment is December, 31, 2007. Assuming the income requirement of La.Const. art. VII, Sec. 18 (G)(i)(a)(ii) was also met, the person could apply on December 31, 2007 and become entitled to have the SAL for 2007 frozen and applied in tax year 2008.
In the hypothetical contained in the second paragraph, the person became sixty-five years of age during 2007, met the income requirement, and applied for the SAL during 2007. Since all of the requirements of La.Const. art. VII, Sec. 18(G)(1) and La.R.S. 47:1712 appear to have been met, you are correct that the property owner is qualified to have the 2007 assessment frozen and applied to the 2008 tax year, that is, the following tax year. The date of closure of the property tax rolls is irrelevant. Atty. Gen. Op. No. 07-0303.
Finally, in the hypothetical contained your third question, the person became sixty-five years of age during 2007, met the income requirement, but did not apply for the SAL until 2008. Since the property owner first applied for the SAL during 2008, he is only entitled to have the SAL for 2008 frozen and applied in 2009. As mentioned in our *Page 4 
previous opinion, although the Homestead Exemption may be applied for retroactively if a homeowner can demonstrate he resided in his home during the relevant calendar year, a homeowner who qualifies for the SAL becomes entitled to it for the ensuing tax year. La.Const. art. VII, Sec. 18(G)(1)(a)(iv); see also Atty. Gen. Op. No. 07-0273 and Atty. Gen. Op. No. 07-0303. Thus, you are correct that the property owner is not qualified to have the 2007 assessment frozen and applied to the 2008 tax year, but is qualified to have the 2008 assessment frozen and applied to the 2009 tax year, that is, the following tax year. Also, the income requirement must be met for the tax year prior to the application for the special assessment, which would be 2008 in this case. La.Const. art. VII, Sec. 18(G)(1)(a)(ii). Thus, the property owner would need to document his 2008 income.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By: BENJAMIN A. HUXEN II Assistant Attorney General
 JDC/BAHII:crt